Dennis J. Conroy (0712)
SILVESTER & CONROY, L.C.
1371 East 2100 South, Suite 200
Salt Lake City, Utah  84105
Telephone: (801) 532-2266
Facsimile:  (801) 532-2270

Attorneys for Solowave Design, Inc.

# IN THE UNITED STATES DISTRICT COURT IN AND FOR

# THE DISTRICT OF UTAH, CENTRAL DIVISION

| | | |
|---|---|---|
| REED COWAN, individually and as the Guardian and natural father of Wesley Cowan, deceased; STEPHANIE MARTINSEN, individually and as the Guardian and natural mother of Wesley Cowan, deceased, | : : : : : : : : : : : : : : : | **ANSWER** **DEMAND FOR JURY TRIAL** Civil No. 2:06-cv-857 Judge Bruce S. Jenkins |
| Plaintiffs, | | |
| vs. | | |
| SOLOWAVE DESIGN, INC., a Canadian foreign corporation, | | |
| Defendant. | | |

Defendant Solowave Design, Inc. ("Solowave"), by and through its counsel of record, Dennis J. Conroy of and for Silvester & Conroy, L.C., answers Plaintiffs' Complaint as follows:

## FIRST DEFENSE

Plaintiffs' Complaint and each count thereof, fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Answering the specifically numbered allegations contained in Plaintiffs' Complaint, Solowave admits, denies, and alleges as follows:

1. Solowave denies paragraph 1 for lack of information or knowledge sufficient to form a belief as to the its truth or falsity.

2. Solowave denies paragraph 2 for lack of information or knowledge sufficient to form a belief as to the its truth or falsity.

3. Solowave denies paragraph 3 for lack of information or knowledge sufficient to form a belief as to the its truth or falsity.

4. In answer to paragraph 4 of Plaintiffs' Complaint, Solowave admits that it is a Canadian foreign corporation with its principle place of business in Mount Forest, Ontario, Canada and denies the remaining allegations therein.

5. In answer to paragraph 5 of Plaintiffs' Complaint, Solowave states that given the removal of the action, the allegations therein are moot and accordingly, denies the same.

6. Solowave denies paragraph 6 for lack of information or knowledge sufficient to form a belief as to the its truth or falsity.

7. Solowave denies paragraph 7 for lack of information or knowledge sufficient to form a belief as to the its truth or falsity.

8. Solowave denies paragraph 8 for lack of information or knowledge sufficient to form a belief as to the its truth or falsity.

9. Solowave denies paragraph 9 for lack of information or knowledge sufficient to form a belief as to the its truth or falsity.

10. Solowave denies paragraph 10 for lack of information or knowledge sufficient to form a belief as to the its truth or falsity.

11. Solowave denies paragraph 11 for lack of information or knowledge sufficient to form a belief as to the its truth or falsity.

12. Solowave denies paragraph 12 for lack of information or knowledge sufficient to form a belief as to the its truth or falsity.

13. In response to paragraph 13 of Plaintiffs' Complaint, Solowave admits that it designed and manufactured the Big Backyard Play Set that has been reported to be the location of the subject accident involving Wesley Cowan, and denies the remaining allegations therein.

14. In response to paragraph 14 of Plaintiffs' Complaint, Solowave incorporates by referenced, as if fully set forth, its responses to paragraphs 1 through 13 above.

15. Solowave denies the allegations contained in paragraph 15.

16. Solowave denies the allegations contained in paragraph 16.

17. Solowave denies the allegations contained in paragraph 17.

18. Solowave denies the allegations contained in paragraph 18.

19. In response to paragraph 19 of Plaintiffs' Complaint, Solowave incorporates by referenced, as if fully set forth, its responses to paragraphs 1 through 18 above.

20. In response to paragraph 20 of Plaintiffs' Complaint, Solowave admits that it manufactured and sold the Big Backyard Play Set that has been reported to be the location of the subject accident, and denies the remaining allegations therein.

21. Solowave denies the allegations contained in paragraph 21.

22. Solowave denies the allegations contained in paragraph 22.

23. Solowave denies the allegations contained in paragraph 23.

24. Solowave denies the allegations contained in paragraph 24.

25. Solowave denies the allegations contained in paragraph 25.

26. In response to paragraph 26 of Plaintiffs' Complaint, Solowave incorporates by referenced, as if fully set forth, its responses to paragraphs 1 through 25 above.

27. Solowave denies the allegations contained in paragraph 27.

28. Solowave denies the allegations contained in paragraph 28.

29. Solowave denies the allegations contained in paragraph 29.

30. Solowave denies the allegations contained in paragraph 30.

31. In response to paragraph 31 of Plaintiffs' Complaint, Solowave incorporates by referenced, as if fully set forth, its responses to paragraphs 1 through 30 above.

32. Solowave denies the allegations contained in paragraph 32.

33. Solowave denies the allegations contained in paragraph 33.

34. Solowave denies the allegations contained in paragraph 34.

35. Solowave denies the allegations contained in paragraph 35.

36. Solowave denies each and every allegation of Plaintiffs' Complaint not specifically admitted above.

## AFFIRMATIVE DEFENSES

Pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, Solowave sets forth the following defenses and reserves the right to assert additional affirmative defenses if their existence or applicability becomes known through discovery or otherwise.

## FIRST AFFIRMATIVE DEFENSE

The incident and damages alleged in Plaintiff's Complaint were not caused in fact or proximately caused by any fault, negligence, act, omission, conduct, or breach of duty by or attributable to Solowave.

## SECOND AFFIRMATIVE DEFENSE

While Solowave specifically denies any negligence or fault, any negligence or fault that may be attributable to this defendant is less than or equal to the negligence or fault of the plaintiffs and/or

plaintiffs' decedent, and accordingly plaintiffs' claims are barred.  In the alternative, the amount of damages for which this defendant may be held liable to the plaintiffs are limited to the percentage or a proportion of damages equivalent to the percentage or proportion of fault, if any, attributable to the defendant pursuant to the provisions of the Utah Comparative Negligence Act, *Utah Code Ann*. §78-27-37 through 43.  Accordingly, the defendant is entitled to have the fact finder evaluate the conduct of all those individuals and entities who may be potentially at fault in this accident, and assess the relative percentage of fault attributable to each such individual or entity, whether or not such individuals or entities are named parties in the action at the time of the trial.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' damages, if any, were the result of the negligence of others over whom this defendant has or had no control or right of control, and for whom it is not responsible.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' damages, if any, were caused or contributed to by the acts of other parties, persons or entities, and these acts were an intervening or superceding cause of the damages, if any, of which plaintiffs complain.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred to the extent that the product that is the subject of Plaintiffs' Complaint was altered, modified, misused, used contrary to warnings and instructions, or improperly installed or serviced by the plaintiffs, third parties, or others.

**SIXTH AFFIRMATIVE DEFENSE**

To the extent that plaintiffs' claims and/or damages, if any, were the result of an open and obvious risk, of which plaintiffs or plaintiffs' decedent was or should have been aware, plaintiffs' claims are barred.

**SEVENTH AFFIRMATIVE DEFENSE**

To the extent that plaintiffs have failed to mitigate their damages, as required by law, their claims are barred.

**EIGHTH AFFIRMATIVE DEFENSE**

To the extent that defendant's product was in conformity with government standards then in existence and applicable, plaintiffs' claims are barred pursuant to *Utah Code Ann*. §78-15-6(3).

**NINTH AFFIRMATIVE DEFENSE**

The product which is the subject of Plaintiffs' Complaint conformed to the state of the art at the time of the sale and was designed, manufactured and tested pursuant to generally recognized and prevailing standards.

**TENTH AFFIRMATIVE DEFENSE**

The parents of Wesley Cowan had a duty to use reasonable care to supervise and to provide for the safety of their son. To the extent that they failed to do so, any recovery in this matter is barred or reduced.

## DEMAND FOR JURY TRIAL

Solowave requests a jury trial of all issues in this case.

WHEREFORE, defendant Solowave Design, Inc. prays that this court enter judgment in its favor as follows:

1. No cause of action in favor of Solowave Design, Inc.

2. For costs and disbursements in defending against Plaintiffs' Complaint.

3. For such other and further relief as the court may deem proper, equitable and just.

DATED this 8th day of November, 2006.

SILVESTER & CONROY


/S/ DENNIS J. CONROY
Dennis J. Conroy

Attorneys for Solowave Design, Inc.

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of November, 2006, I electronically filed the foregoing **ANSWER** with the Clerk of the Court using the CM/ECF system and that I sent a true and correct copy by United States mail, first-class, postage-prepaid, to the following:

Kelly H. Macfarlane
Karra J. Porter
CHRISTENSEN & JENSEN, P.C.
Attorneys for Plaintiffs
50 South Main Street, Suite 1500
Salt Lake City, Utah 84144

/S/ JUELENE SMITH