Dennis J. Conroy (0712)
SILVESTER & CONROY, L.C.
1371 East 2100 South, Suite 200
Salt Lake City, Utah  84105
Telephone: (801) 532-2266
Facsimile:  (801) 532-2270

Attorneys for Solowave Design, Inc.

**IN THE UNITED STATES DISTRICT COURT IN AND FOR**

**THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| REED COWAN, individually and as the Guardian and natural father of Wesley Cowan, deceased; STEPHANIE MARTINSEN, individually and as the Guardian and natural mother of Wesley Cowan, deceased,<br><br>      Plaintiffs,<br><br>vs.<br><br>SOLOWAVE DESIGN, INC., a Canadian foreign corporation,<br><br>      Defendant. | **PROTECTIVE ORDER RE: SOLOWAVE CONFIDENTIAL DOCUMENTS AND INFORMATION**<br><br>Civil No. 2:06-cv-857<br><br>Judge Bruce S. Jenkins |

      Based upon the Joint Motion and Stipulation for Protective Order Re: Solowave Confidential Documents and Information submitted by the parties, and good cause appearing therefore,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. Plaintiffs and plaintiffs' attorneys shall not give, show or otherwise, either directly or indirectly, divulge any competitively sensitive documents, data and/or information produced in this action by Solowave Design, Inc., or the substance thereof, or any copies, descriptions, prints, negatives, or summaries thereof (hereinafter "confidential information"), to any entity or person except experts and consultants employed by plaintiffs' attorneys herein, in connection with and solely for this action.

2. Any of plaintiffs' experts and/or plaintiffs' consultants in this action who are given access to confidential information shall be presented with a copy of the subject protective order and shall agree in writing to its provisions by signing an acknowledgment representing that he or she submits to the jurisdiction of the court and has read and agrees to be bound by the terms of the Protective Order Re: Solowave's Confidential Documents and Information. Plaintiffs' counsel shall retain the original of such acknowledgments. Said experts and consultants shall not give, show, or otherwise directly or indirectly divulge such confidential information produced in this action to any entity or person, except plaintiffs' attorneys, as may be necessary in preparing to render, or rendering expert advice, assistance, or testimony in this action.

3. "Confidential information" shall include information about a business, product, practice or procedure which, in the ordinary course of business, is not voluntarily disclosed by the owner to the public, third persons or entities who do not have a need to know, and includes trade

secrets, confidential, proprietary and commercial information. Confidential information also includes depositions, briefs, pleadings, exhibits and documents produced during this litigation that contain confidential information.

    4.    Confidential information shall be designated by stamping or labeling such document or thing "Confidential -- Protected by Court Order."

    5.    Whenever attorneys for plaintiffs or defendants propose to use any confidential information subject to this order, by way of either referring to the protected material in a brief, or attaching same as an exhibit, or in any way filing any of the materials covered by this order with the Court, such brief and/or such materials shall be filed *in camera* with the Court.

    6.    By this stipulation and order, the parties do not waive any rights they may possess to compel discovery responses for information or to object to any discovery requests made by either party.

    7.    On completion of the trial and any appeals in this action and the satisfaction of any judgment, or upon conclusion of any settlement, all counsel, parties, consultants, and experts who have obtained confidential information shall return to counsel for Solowave all confidential information produced in this action, and any and all copies, prints, negatives, and summaries thereof.

    8.    The terms of this order shall remain fully active until released by order of this Court or the written consent of the moving defendant, and this Court shall retain jurisdiction over this order and the foregoing stipulation for the purposes of enforcing same and adjudicating claims of breaches

thereof and administering damages and other remedies related thereto.

9. This protective order extends to any confidential information which may be entered into evidence or proffered as evidence during the trial herein and all such materials and information are to be deemed sealed by this protective order unless otherwise ordered by the court.

10. Plaintiffs shall not be obligated upon the receipt of any document or information to challenge or otherwise object to the appropriateness of a confidential designation and nothing in the subject protective order shall prevent any person or party from seeking an amendment broadening or restricting access to and the use of such information or changing the nature of the designation as confidential or proprietary.

DATED this ____ day of _____, 2007.

BY THE COURT:

_____
The Honorable Bruce S. Jenkins
U.S. District Court Judge